RECEIVED
ENTERED           SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 8 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| BLACKSTONE REALTY INVESTORS, LLC., | 3:09-cv-00189-ECR-RAM |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: September 29, 2010 |
| MICHAEL B. STEWART, individually and as Trustee of the Michael B. Stewart Living Trust; HIGH ROCK HOLDING, LLC, ORIENT FARMS, LLC and DOES 1 through 60, inclusive, | |
| Defendant. | |

PRESENT:  EDWARD C. REED, JR.                              U. S. DISTRICT JUDGE

Deputy Clerk:  COLLEEN LARSEN          Reporter:  NONE APPEARING

Counsel for Plaintiff(s)            NONE APPEARING

Counsel for Defendant(s)            NONE APPEARING

MINUTE ORDER IN CHAMBERS

Now pending before the Court are Defendants' motion for summary judgment (#68), and Plaintiff's motion for leave to file first amended complaint (#69).

Under the existing scheduling order (#64), Plaintiff's motion for leave to file first amended complaint (#69) is timely. Leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (discussing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Prejudice is the factor that carries the greatest weight in considering a motion to amend pleadings. Eminence Capital, 316 F.3d at 1052. Defendants are unable to make a showing of prejudice beyond additional litigation costs associated with the amendments.

Defendants likewise fail to make a showing of undue delay, bad faith, or futility sufficient to deny a motion to amend. Plaintiff's motion to amend (#69) is timely under the scheduling order (#64), and Plaintiff has offered a satisfactory explanation for the delay in adding the additional Defendants named in the proposed amended complaint and the delay in bringing a claim for an equitable lien, i.e., Plaintiff allegedly did not discover the facts necessary to support the amended pleadings until recently. Pl.'s Mot. to Amend at 4 (#69). In determining whether an amendment would be futile, we examine the sufficiency of the pleadings themselves, rather than utilizing a summary judgment form of review, as Defendant requests in its opposition. See Podlesnick v. Airborne Exp., Inc., 94 F.R.D. 288, 290 (S.D. Ohio 1982); Def.'s Opp. to Pl's Mot. to Amend at 6 (#70). Plaintiff's motion is not futile under this standard.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion for leave to file first amended complaint (#69) is **GRANTED**. Plaintiff shall have fourteen (14) days from the date of entry of this order within which to file the proposed amended complaint.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (#68) is **DENIED** as moot.

LANCE S. WILSON, CLERK

By _____/s/_____
       Deputy Clerk